UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Terrence Blackwell, individually and on behalf of all others similarly situated;<br><br>         Plaintiff,<br><br><br><br>  -v.-<br><br>Midland Credit Management, Inc.,<br>Midland Funding, LLC,<br>and John Does 1-25,<br><br>         Defendant(s). | Civil Action No: 2:18-cv-2205-RMG<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

  Plaintiff Terrence Blackwell (hereinafter, "Plaintiff" or "Blackwell") brings this Class Action Complaint by and through his attorneys, Norsworthy Law Ltd. Co., against Defendant Midland Credit Management, Inc. (hereinafter "Defendant MCM") and Defendant Midland Funding, LLC (hereinafter "Defendant Midland Funding") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION**

1

1. Congress enacted the Fair Debt Collection Practices Act ("FDCPA" or "The Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* §1692(e). After determining that the existing consumer protection laws ·were inadequate. *Id.* §1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* §1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692 et. seq. The Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. §1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Ohio consumers under §1692 et seq. of Title 15 of the United States Code, the FDCPA, and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Ohio, County of Clarendon, with her principle residence located at 1372 Goward Road, Alcolu, SC, 29001.

8. Defendant Midland Funding is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 8875 Aero Drive, Ste 200, San Diego, CA, 92123.

9. Defendant Midland Credit Management is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 8875 Aero Drive, Ste 200, San Diego, CA, 92123.

10. Upon information and belief, Defendants MCM and Midland Funding are companies that use the mail, telephone, and facsimile and regularly engage in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11. John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

12. Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13. The Class consists of:

    a. all individuals with addresses in the State of South Carolina;

    b. to whom Defendant MCM sent a collection letter attempting to collect a consumer debt on behalf of Midland Funding LLC;

    c. whose letter states that the Defendants will not sue the consumer;

    d. without clearly stating that the consumer could no longer be sued by any party;

    e. and further the letter fails to disclose that the previously-lapsed statute of limitations to file a lawsuit to collect the debt may re-start upon payment;

    f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

14. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

15. Excluded from the Plaintiff Classes are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibits A, violate 15 U.S.C. §§ l692e.

17. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiffs will fairly and adequately protect the interests

of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

18.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. <u>Numerosity:</u> The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

   b. <u>Common Questions Predominate:</u> Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 USC §l692e.

   c. <u>Typicality:</u> The Plaintiffs' claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

   d. <u>Adequacy:</u> The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer

    lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

  e. <u>Superiority:</u> A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## **FACTUAL ALLEGATIONS**

21. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

22.     Some time prior to August 16, 2017, an obligation was allegedly incurred to Credit One Bank by the Plaintiff.

23.     The Credit One Bank obligation arose out of payment owed for personal credit card that was used primarily for personal, family or household purposes.

24.     The alleged Credit One card is a "debt" as defined by 15 U.S.C.§ 1692a(5).

25.     Credit One

26.

27.     , or a subsequent owner of the obligation, sold the debt to Defendant Midland Funding LLC who contracted the Defendant Midland Credit Management to collect the alleged debt.

### *August 16, 2017 Collection Letter*

28.     On or about August 16, 2017, Defendant MCM sent the Plaintiff a collection letter (the "Letter") regarding the alleged debt owed. See Exhibit A.

29.     The very bottom of the collection letter states in part:

> "The law limits how long you can be sued on a debt… Due to the age of this debt, we will not sue you for it.."

30.     The debt is time-barred, meaning that no party ever can sue the Plaintiff.

31.     The debt is time-barred meaning that Defendants' cannot sue Plaintiff.

32.     The Letter implies that the Defendants' have chosen not sue, instead of the true statement that neither Defendant nor any subsequent creditors can file a lawsuit.

33. The statement contained in Defendants' Letter is materially deceptive to the unsophisticated consumer, who would believe that the Defendant can change their mind and sue.

34. More importantly the letter is silent to that fact no subsequent creditor or collector can file a lawsuit.

35. Furthermore, the Collection Letter is materially deceptive as it fails to disclose that the previously lapsed statute of limitations to file a lawsuit may recommence through certain actions such as a payment by Plaintiff.

36. This statement is necessary especially when the letter contains a settlement offer as does this letter in question here.

37. These deceptive statements and material omissions by the Defendants are harmful to the Plaintiff, since they fail to clearly state the legal status of the debt and potential ramifications for paying or not paying.

38. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.***

39. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

40. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

41. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

42. Defendants made deceptive and misleading representations when they communicated to Plaintiff that the Defendant will sue Plaintiff and implying that the they have chosen this remedy and any subsequent creditors would be able to sue, when, in fact, it was not permitted to sue as a matter of law, in violation of 15 U.S.C. §§1692e, 1692e(2) and 1692e(10).

43. Defendants statements were further misleading by failing to inform the Plaintiff that and action such as a payment could restart the statute of limitations for a lawsuit to occur, in violation of 15 U.S.C. §§1692e, 1692e(2) and 1692e(10).

44. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

45. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Terrence Blackwell, individually and on behalf of all others similarly situated, demands judgment from Defendant Midland Credit Management, Inc. and Defendant Midland Funding, LLC, as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Ken Norsworthy, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: August 10, 2018                    Respectfully Submitted,

/s/ Kenneth E. Norsworthy, Jr.
NORSWORTHY LAW, LTD. CO.
Kenneth E. Norsworthy, Jr.
505 Pettigru Street
Greenville, SC 29601
Ph:  864-804-0581
norsworthylaw@gmail.com
*Counsel for Plaintiff*