IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| Terrence Blackwell, individually and on behalf of all others similarly situated, | ) ) ) | Civil Action No. 2:18-cv-2205-RMG |
|---|---|---|
| Plaintiff, | ) ) ) | **ORDER AND OPINION** |
| v. | ) ) | |
| Midland Credit Management, Inc., Midland Funding, LLC, and John Does 1-25, | ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court on the Defendants' Motion to Dismiss or in the Alternative Stay (Dkt. No. 5). For the reasons set forth below, the Court grants the motion.

**I.    Background**

Plaintiff Terrance Blackwell filed this action on August 10, 2018, alleging that Midland Credit Management, Inc., Midland Funding, LLC and 25 unnamed John Doe defendants (collectively "Defendants") violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). (Dkt. No. 1.) Plaintiff alleges that a collection letter sent by Defendants was deceptive and misleading because the letter implied that the Defendants chose not to sue rather than disclosing that the debt being time-barred and the Defendants failed to disclose that making a partial payment on their debt could restart the statute of limitations and expose Plaintiff to liability for the full amount of his debt. (Dkt. No. 1 at ¶¶ 39 – 44.)

The letter, dated August 16, 2017, and attached to the Complaint, offered three options for payment of the debt, and contained the following disclosure language: "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, we may continue to report it to the credit reporting agencies as unpaid." (Dkt.

No. 1-1.) The letter listed Midland Funding LLC as the owner of the debt and Midland Credit Management, Inc. was listed for the return address. (*Id.*) Based on this letter, Plaintiff seeks to bring this case as a class action on behalf of "all individuals" in "South Carolina" to whom the Defendants sent a collection letter which does not "clearly stat[e] that the consumer could no longer be sued…and…fails to disclose that the previously lapsed statute of limitations…may restart upon payment." (Dkt. No. 1 at ¶ 13.)

Defendants identify an earlier filed putative class action in this District with allegedly similar claims. The case, *Jonathan Alston et al. v. Midland Credit Management, Inc.*, No. 8:18-cv-0014 ("*Alston*"), was filed on January 3, 2018. The *Alston* complaint, included with Defendants' motion to dismiss,[1] includes similar allegations as the Complaint here but was only filed against Defendant Midland Credit Management, Inc. The *Alston* complaint alleged that debt collection letters sent by Midland Credit Management violated the FDCPA because they did not advise the plaintiffs that making a partial payment on their time-barred debt could restart the statute of limitations and expose them to a lawsuit. (Dkt. No. 5-1 at ¶¶ 8 – 9.) Furthermore, the collections letters at issue in *Alston* similarly offered three options for payment with the same terms, and included the same exact disclosure language. (*Alston* Dkt. Nos. 8-2; 8-3.) The collection letters similarly stated that Midland Funding LLC owned the debt and Midland Credit Management, Inc.

---

[1] A federal court may take judicial notice of the contents of its own records on a motion to dismiss. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499, 2509, 168 L. Ed. 2d 179 (2007) (when reviewing a motion to dismiss, courts may take into account "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Stehney v. Ferguson*, No. CV 6:16-3955-TMC, 2017 WL 2982114, at *1 (D.S.C. July 13, 2017) ("the court may take judicial notice of its own records") *citing Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970)

was listed as the return address. (*Id.*) Finally, the *Alston* complaint sought to represent a putative class of all individuals in "South Carolina" who received "similar debt collection notices/letters/communications from Defendant." (Dkt. No. 5-1 at ¶ 7.) While the *Alston* complaint initially included claims under §§ 1692e and 1692f of the FDCPA, the claims under §1692f have since been dismissed. A*lston v. Midland Credit Mgmt., Inc.*, No. 8:18-CV-00014-AMQ, 2018 WL 3309725, at *5 (D.S.C. July 3, 2018).

Defendants now move to dismiss or stay this action based on the previously filed *Alston* complaint. (Dkt. No. 5.) Plaintiffs oppose the motion. (Dkt. No. 8.)

## II. <u>Legal Standard</u>

A case in federal court "may be dismissed for reasons of wise judicial administration whenever it is duplicative of a parallel action already pending in another federal court." *Nexsen Pruet, LLC v. Westport Ins. Corp.*, No. CIV.A. 3:10-895-JFA, 2010 WL 3169378, at *2 (D.S.C. Aug. 5, 2010) (citations omitted). Where the two suits are based on the same factual issues, the Fourth Circuit has recognized the "first to file" rule, giving priority to the first filed suit absent a showing that the balance of convenience favors the second suit. *Ellicott Mach. Corp. v. Modern Welding Co., Inc.*, 502 F.2d 178, 180 n. 2 (4th Cir.1974); *Learning Network, Inc. v. Disc. Comm., Inc.*, 11 Fed. App'x 297 (4th Cir.2001) (same). This Court has held that "[s]uits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Nexsen Pruet, LLC*, 2010 WL 3169378, at *2 *citing New Beckley Min. Corp. V. Int'l Union, United Mine Workers of Am.*, 946 F.2d 1072, 1073 (4th Cir.1991).

## III. <u>Discussion</u>

The Court finds that the first to file rule applies here. As a preliminary matter, Plaintiff argues that this Court can only apply the first to file rule where there is an earlier action pending

in a different jurisdiction, rather than in the same jurisdiction as is the case here. (Dkt. No. 4 at 8.) Plaintiff is incorrect. Other district courts in the Fourth Circuit have made clear that the first to file rule applies even where both actions are pending in the same district. *See Walton v. N. Carolina Dep't of Agric. & Consumer Servs.*, No. 5:09-CV-443-D, 2010 WL 11561770, at *2 (E.D.N.C. Mar. 1, 2010) (applying the first to file rule and holding that, "the fact that [the two cases] are before different courts in the same district does not obviate applying the rule....") *citing Ellicott Mach. Corp*, 502 F.2d at 180 n.2.

Here, there is no dispute that the *Alston* action was filed first, over seven months before the Complaint in this action. The Court next determines whether the issues are substantially similar. The issues in these cases are almost identical. Both here and in the *Alston* action the parties have claims pending solely under § 1692(e) of the FDCPA. Notably, in the *Alston* action while the case initially also included a claim under §1692(f), that claim has since been dismissed. Furthermore, both cases bring claims regarding almost identical collection letters. The letters in both cases offered three options for payment of the debt, contained identical disclosure language, and involved debt owned by Midland Funding LLC with a letter sent by Midland Credit Management, Inc. The plaintiffs in both actions also allege the same harm based on the defendants' alleged failure to inform the plaintiffs that making a partial payment on their time-barred debt could restart the statute of limitations and expose them to liability. (Dkt. Nos. 1 at ¶¶ 39 – 44; 5-1 at ¶¶ 8 – 9.) Finally, both actions seek the same relief: actual damages, statutory damages, and attorneys' fees. (Dkt. Nos. 1 at 10; 5 at 10.) Therefore, these actions involve substantially similar issues and facts.

The Court must next determine whether the actions involve substantially similar parties. The plaintiffs in the two actions are substantially similar. The proposed classes in both complaints are almost identical, and both seek to represent all individuals in South Carolina who received a

collection letter with almost identical language sent by the same defendant. (Dkt. Nos. 1 at ¶ 13; 5-1 at ¶ 7; *Alston* Dkt. Nos. 8-2; 8-3.) Plaintiff argues the plaintiffs in the two cases cannot be similar because his debt originated with "Credit One Bank," yet in *Alston* the debts originated with Capital One Bank and FiaCard Services. (Dkt. No. 8 at 5.) Plaintiff's argument, however, is misplaced. To begin with, as other courts have noted that, "in the context of a class action, the classes, and not the class representatives, are compared." *Walker v. Serv. Corp. Int'l*, No. 4:10CV00048, 2011 WL 1370575, at *9 (W.D. Va. 2011) (citations omitted). Therefore, the fact that the putative classes here overlap is dispositive, and the class descriptions indicate that all putative class members in this case would be included in the proposed *Alston* class. Furthermore, the banks which originated the debts are irrelevant. Indeed, the *Alston* action involves two named plaintiffs with debts which originated from separate banks. Further, the complaints deal with the method the defendants used to collect debts they owned, and therefore the plaintiffs are substantially similar regardless of which bank originated their debt.

Plaintiff further argues that the defendants in the two actions are different, as the *Alston* action includes only Midland Credit Management, Inc. as a defendant, whereas this action also includes Midland Funding, LLC.[2] However, the same exact identity of the parties is not required for the first to file rule, and instead the parties must be substantially similar. Indeed, multiple courts have applied the first to file rule even where different actions include or omit additional defendants. *See Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015) ("the omission of [a defendant] from the present action does not defeat application

---

[2] Plaintiff also included twenty-five unnamed fictitious John Doe Defendants. (Dkt. No. 1 at ¶ 11.) Plaintiff has included no information regarding these Defendants and instead stated they "*will* be disclosed in discovery and *should* be made parties to this action." (*Id.*) (emphasis added). Since these individuals have neither been identified nor joined to the action, the Court disregards them in analyzing the Defendant's motion to dismiss.

of the first-to-file rule."); *Bewley v. CVS Health Corp.*, No. C17-802RSL, 2017 WL 5158443, at *2 (W.D. Wash. Nov. 7, 2017) ("the presence of one additional defendant, however, does not change the fact that the parties on the whole are substantially similar."); *Rudolph & Me, Inc. v. Ornament Cent., LLC.*, No. 8:11-CV-670-T-33EAJ, 2011 WL 3919711 (M.D. Fla. 2011) (applying first to file rule where second action had "six additional defendants" yet four of those entities were either acquired by or shared "an interest" with the other defendant); *Vertical Computer Sys., Inc. v. Interwoven, Inc.*, No. 2:10-CV-490, 2011 WL 13141016, at *2 (E.D. Tex. 2011) ("a party cannot circumvent the policies underlying the first-to-file rule by merely tacking on an additional defendant in a later, duplicative action."). Therefore, Plaintiff's addition of Midland Funding, LLC does not defeat the application of the first to file rule. According to Plaintiff's Complaint, Midland Funding contracted with Midland Credit Management to collect the debts they owed, and both the *Alston* complaint and the Complaint here assert claims based on debts owned by Midland Funding which Midland Credit Management attempted to collect. The Defendants therefore share similar interests, and the inclusion of Midland Funding, LLC does not defeat application of the first to file rule.

Finally, Plaintiff argues that application of the first to file rule is premature because a class has yet to be certified in either action. (Dkt. No. 8 at 6.) However, as other district courts in the Fourth Circuit have held, the fact that the *Alston* action has yet to be certified weighs in favor of the application of the first to file rule, as it prevents duplicative attempts at certification of the same putative class. *See Cox v. Air Methods Corp.*, No. CV 1:17-04610, 2018 WL 2437056, at *4 (S.D.W. Va. May 30, 2018) ("the first-to-file rule is 'particularly appropriate,' in a pre-class certification context, as it avoids 'multiple attempts at certification in two different courts.'") *quoting Ortiz v. Panera Bread Co.*, No. 1:10CV1424, 2011 WL 3353432, at *2 (E.D. Va. Aug. 2,

2011). Furthermore, contrary to the Plaintiff's concerns regarding dismissal with prejudice, this case shall be dismissed without prejudice and therefore the Plaintiff here will not be prevented from pursuing their claims should the *Alston* action settle before a class is certified.[3]

IV. **Conclusion**

For the reasons above, the Court **GRANTS** Defendants' Motion to Dismiss (Dkt. No. 5).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

October 12, 2018
Charleston, South Carolina

---

[3] The Court also holds that the balance of convenience does not favor this second action. *See Ellicott Mach. Corp.*, 502 F.2d at 180. Courts traditionally look at the factors contained in the transfer statute to assess the balance of convenience. *See, e.g., CompuZone, Inc. v. Top Tobacco, L.P.*, No. 3:14-CV-04790-CMC, 2015 WL 12804523, at *7 (D.S.C. May 5, 2015. Here, both actions seek the same relief under the same law in the same district. Therefore, this action is no more convenient or practical for the parties, potential witnesses, this Court, a jury or the public.